IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRYAN DOYLE, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:12-cv-00697 |
| | ) | Judge Sharp |
| SUNTRUST BANK, a Virginia corporation; | ) | Magistrate Judge Bryant |
| SUNTRUST MORTGAGE, INC., a Virginia | ) | |
| Corporation; MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEMS, INC., a | ) | |
| Delaware corporation; and DOES 1-10 | ) | |
| Inclusive, | ) | |
| | ) | |
| Defendants. | ) | |

## INITIAL CASE MANAGEMENT ORDER

1. **Jurisdiction and Venue**: The basis of subject matter jurisdiction is diversity. The parties do not contest jurisdiction or venue.

2. **Theories of the Case:**

(a) **Plaintiffs' Theory:** The SunTrust Defendants lack standing to enforce the mortgage obligation. There was no effective assignment of the Deed of Trust, as the "Corrective Corporate Assignment of Deed of Trust" was executed by Defendant MERS, whose own Terms and Conditions expressly prohibit the use of the MERS system to either create or transfer beneficial interests in mortgage loans. The "Corrective" assignment contains no language as to transfer of the Note.

There are conflicting "endorsements" as to the Note, one of which is marked "VOID". There is no evidence of when the alleged endorsements were placed on the Note. The SunTrust Defendants thus do not have a valid chain of title to either the Note or the DOT.

### (b) Defendant's Theory

This lawsuit involves residential real property located at 2142 South Berrys Chapel Road in Franklin, Tennessee ("the Property") and the default of the obligations of the Plaintiff to SunTrust Bank under a Note and Deed of Trust. Plaintiff now seeks a declaration that MERS cannot assign the Deed of Trust to SunTrust Bank just before foreclosure and that Plaintiff is not indebted to SunTrust Bank by operation of an alleged "VOID" endorsement.

Plaintiff's effort to avoid the legal effects of the financial arrangement into which he entered warrants the dismissal of this litigation. Plaintiff began this process by filing a state court lawsuit, which is still pending, claiming that SunTrust did not possess the "wet ink" Note and therefore did not have "holder" status under Tenn. Code Ann. § 47-1-201. He then filed an individual Chapter 7 bankruptcy case, and failed to list the state action or this action on his schedules. After the bankruptcy court granted relief from the automatic stay and the property was abandoned in light of the fully-mortgaged property, Plaintiff filed the present suit, seeking the same relief as in the state suit: avoidance of his obligations under the mortgage documents.

Further, although applicable case law reflects the legal authority of MERS to assign a deed of trust, under Tennessee law whether MERS can assign a deed of trust is not legally relevant to the ability of the holder of a negotiable instrument to enforce it and to foreclose on the collateral securing the indebtedness. See Tenn. Code Ann. § 47-3-301. And as a matter of Tennessee law, the Deed of Trust "follows" the Note. See Tenn. Code Ann. § 47-9-203(g) and § 47-9-308(e). Comment 6 to Tenn. Code Ann. § 47-9-308 explains: "Section 9-203(g) [§ 47-9-203(g)] adopts the traditional view that the mortgage follows the note; i.e., the transferee of the note acquires the mortgage, as well. This subsection adopts a similar principle: Perfection of a security interest in the right to payment constitutes perfection of a security interest in the mortgage securing it." As a result, the holder of the Note, which Plaintiff does not dispute, is SunTrust Bank, and SunTrust Bank is entitled to enforce the Note which is secured by the Deed of Trust.

Plaintiff's Complaint should thus be dismissed because (1) by virtue of his bankruptcy filing and his failure to list this action on his schedules, Plaintiff is estopped from maintaining this action; (2) because of Plaintiff's bankruptcy proceeding, Plaintiff lacks standing to bring this action; and (3) SunTrust Bank has the legal authority to enforce the Note and the Deed of Trust notwithstanding Plaintiff's allegations concerning the inability of MERS to assign a deed of trust.

3. **Status of Service of Process and Responsive Pleadings**: Service of process has been properly issued and served by certified mail to SunTrust and MERS. Defendants have filed a Motion to Dismiss, to which Plaintiff has filed a Response. Defendants have not yet filed a Reply to the Response, and thus the Motion to Dismiss remains unresolved on the merits.

4. **Initial Disclosures**: All parties must make their Rule 26(a)(1) Initial Disclosures on or by October 30, 2012.

5. **Amendment of Pleadings.** The parties shall have until January 4, 2013 to file a motion to amend the pleadings or to join parties.

6. **Discovery.**

   (a) <u>Written Discovery</u>: All written discovery shall be answered by February 28, 2013. All written discovery requests shall be served in sufficient time to allow answers to discovery to be served by the above deadline.

   (b) <u>Discovery of Electronically Stored Information</u>: At this time, and considering the nature of the litigation, the parties do not anticipate that extensive electronic discovery will be necessary. Should the parties encounter problems regarding the discovery of electronically-stored information, the parties agree to jointly move the Court for a second case management conference. The parties recognize that any such conference might require a delay or postponement of the instant scheduling order.

   (c) <u>Other Discovery</u>: All depositions shall occur by May 31, 2013.

   (d) <u>Expert Disclosure</u>: By the close of business on January 18, 2013, Plaintiff shall disclose to Defendants (<u>not</u> to file with the Court) the identity of any expert witnesses and provide all the information specified in Rule 26(a)(2)(B), Fed. R. Civ. P. By the close of business on February 15, 2013, Defendants shall disclose to Plaintiff (<u>not</u> to file with the Court) the identity of any expert witnesses and provide all the information specified in Rule 26(a)(2)(B), Fed. R. Civ. P.

   (e) <u>Discovery Disputes and Motions</u>: No motions concerning discovery are to be filed until after the parties have conferred in good faith, and, if unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Bryant. All discovery motions shall be filed as soon as practical based upon the nature of the dispute.

7. **Dispositive Motions:** Discovery shall not be stayed during dispositive motions, unless ordered by the Court. All dispositive motions shall be filed by June 28, 2013. Responses to dispositive motions shall be filed within 21 days after the filing of the motion. Optional replies may be filed within 14 days after the filing of the response. Briefs shall not exceed 25 pages.

8. **ADR.** The parties are not required to submit this matter to Alternative Dispute Resolution. However, the parties may wish to engage in mediation in the future but have no specific plans to do so.

9. **Jury Trial.** It is anticipated the case will take approximately 2 days to complete. Jury trial is set to begin on November 5, 2013, at 9:00 a.m. A pretrial conference shall be held on October 21, 2013, at 1:30 p.m. before District Judge Sharp.

It is so ORDERED.

_____
JOHN S. BRYANT
U.S. Magistrate Judge

/s/Jeff Barnes
Jeff Barnes, Esq.
W.J. Barnes, P.A.
2901 West Coast Highway
Suite 350
Newport Beach, CA 92663


/s/John F. Higgins
John F. Higgins (BPR #26845)
306 Gay Street
Suite 102
Nashville, TN 37201

Counsel for Plaintiff,
Bryan Doyle

/s/ Kenneth M. Bryant
Kenneth M. Bryant (BPR #12582)
J. Matthew Kroplin (BPR #27363)
401 Commerce Street, Ste. 800
Nashville, TN 37219
(615) 782-2200
kenneth.bryant@stites.com
matthew.kroplin@stites.com

Counsel for Defendants, SunTrust Bank, SunTrust Mortgage, Inc., Mortgage Electronic Registration Systems, Inc.